UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | Civil Action No. SA-22-CR-0037-XR |
| DAVID ISAAC, JR., | § § § | |
| *Defendant.* | § § | |

# **ORDER**

On this day came on to be considered Defendant's Motion to Dismiss. For the reasons that follow, the motion is **DENIED**.

Defendant is a documented gang member who was previously convicted of Aggravated Assault with a Deadly Weapon after shooting at another person. Defendant then violated his parole and had an active warrant for his arrest. On December 21, 2021, San Antonio Police Department detectives located Defendant at a Culebra Meat Market in San Antonio. Detectives arrested Defendant on the outstanding warrant and, during the arrest, found a loaded Ruger .45 caliber pistol in his waistband. The pistol had been stolen from a Ford F-250 a mere three to six hours earlier. The Defendant was then indicted in this case and charged with two counts—Felon in Possession of a Firearm and Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (j).

Defendant argues that the charges in the indictment are unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

All district courts within the Fifth Circuit have, to date, rejected the Defendant's argument regarding the felon in possession count. *See e.g.*, *United States v. Jordan*, No. EP-22-CR-01140-DCG-1, 2023 WL 157789 (W.D. Tex. Jan. 11, 2023); *United States v. Collette*, No. MO:22-CR-00141-DC, 2022 WL 4476790, at *8 (W.D. Tex. Sept. 25, 2022) ("A free society has the right to punish but "prefers to punish the few who abuse rights of [the people] after they break the law than to throttle them and all others beforehand." Felons are those who have abused the rights of the people. And as outlined above, this Nation has a "longstanding" tradition of exercising its right—as a free society—to exclude from "the people" those who squander their rights for crimes and violence. Consistent with *Heller* and *Bruen*, the Second Amendment should be no different here. As a result, the Court holds that § 922(g)(1) is constitutional on its face and as applied to this Defendant."); *United States v. Cockerham*, No. 5:21-CR-6-DCB-FKB, 2022 WL 4229314, at *2 (S.D. Miss. Sept. 13, 2022); *United States v. Banuelos*, No. EP-22-CR-00903-FM, 2022 WL 17752205, at *5 (W.D. Tex. Nov. 10, 2022); *United States v. Hill*, No. CR H-22-249, 2022 WL 17069855, at *5 (S.D. Tex. Nov. 17, 2022); *United States v. Grinage*, No. SA-21-CR-00399-JKP, 2022 WL 17420390, at *8 (W.D. Tex. Dec. 5, 2022); *United States v. Barber*, No. 4:20-CR-384-SDJ, 2023 WL 1073667, at *11 (E.D. Tex. Jan. 27, 2023).

The Court has not found any decisions within the Fifth Circuit interpreting *Bruen* as to the possession of a stolen firearm count. However, the Court notes that pre-*Bruen*, the Fifth Circuit found the statute constitutional. *See United States v. Luna*, 165 F.3d 316 (5th Cir. 1999). The one case outside the Fifth Circuit that has addressed the issue has concluded that section is constitutional. *See United States v. Gore*, No. 2:23-CR-04, 2023 WL 2141032, at *5 (S.D. Ohio Feb. 21, 2023).

In *D.C. v. Heller*, 554 U.S. 570, 581 (2008), the Supreme Court stated that there was "a strong presumption that the Second Amendment right is exercised individually and belongs to all Americans." But the Supreme Court then noted that "the right was not unlimited, just as the First Amendment's right of free speech was not . . . ." *Id*. at 595. Even though the Supreme Court did not "undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment[,]" the Supreme Court stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id*. at 626–27. The Supreme Court's opinion in *New York State Rifle & Pistol Association, Inc. v. Bruen* did not reverse or question its earlier writings in *Heller* on the permissible limitations that could be imposed on the Second Amendment. As to the correct historical analysis that should be applied, judges are simply not historians and historians seldom agree on history. It is for the Fifth Circuit and ultimately the United States Supreme Court to decide upon the constitutionality of the statute at issue.  The motion is **DENIED**.

The hearing scheduled for March 14, 2023, is **VACATED**.

It is so **ORDERED**.

**SIGNED** March 9, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE